UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOYOTA MOTOR CREDIT CORPORATION, | § § § § | |
| Plaintiff, | | |
| V. | § § § § § § | CIVIL ACTION NO. 3: 07-CV-1248-B |
| MICHAEL PALMA, *et al.*, | | |
| Defendants, | | |

## MEMORANDUM ORDER

On November 20, 2007, the Court held a hearing on Michael Palma's contempt charges. For the reasons stated in the record and in this Order, the Court determined that Michael Palma did not purge himself of his contempt and remanded him to custody. The issue of Palma's Fifth Amendment privilege against self incrimination is **REFERRED** to **United States Magistrate Judge Paul D. Stickney** for a hearing.

### I. Background

On July 13, 2007, Toyota Motor Credit Corporation ("Toyota Motor") filed a complaint against Daniel Swank ("Swank"), Michael Palma ("Palma"), and Paul Gamblin ("Gamblin") (collectively "the Defendants") asserting causes of action for fraud, RICO, conspiracy, interference with contractual relations, and fraudulent lien or claim arising out of an alleged scheme to purchase vehicles without paying for them (doc. 1). The Defendants filed "Affidavits of Truth and Notice of Non Response" and other nonsensical papers indicating their unwillingness to participate in this litigation (docs. 5-8,10-11,13-15). On August 21, 2007, Toyota Motor served Swank, Palma, and Gamblin with discovery instruments consisting of requests for admission, interrogatories, and requests

for production. The Defendants failed to respond to these instruments. On August 30, 2007, the Court set a mandatory scheduling conference for Tuesday, September 11, 2007 at 2:00 p.m. (doc. 16). The Court notified the Defendants that parties proceeding *pro se* were required to attend, but the Defendants failed to appear. Edward Walton ("Walton"), the attorney for Toyota Motor, was present for the conference. Toyota Motor incurred attorney's fees of $875 for Walton's attendance at the conference.

When a party fails to attend a scheduling conference, the Court may impose sanctions including requiring the party to pay the other party's reasonable attorney's fees. FED. R. CIV. P. 16(f) ("[I]f no appearance is made on behalf of a party at a scheduling or pretrial conference . . .the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . . In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."). Accordingly, the Court issued a Sanctions Order requiring Swank, Palma, and Gamblin to pay Walton's attorney's fees and respond to Walton's discovery requests in writing by September 28, 2007 (doc. 17). The Court also set a mandatory scheduling conference for October 3, 2007, warning the parties that failure to comply with the Order may result in default including contempt which could involve the issuance of an arrest warrant.

When the Defendants failed to attend the October 3 hearing, the Court ordered that they be placed under arrest for failure to comply with the Sanctions Order (doc. 19). After being arrested, Palma was brought before the Court for consideration of his contempt charges on November 15, 2007. Based on Palma's statements regarding the nonsensical papers he had previously filed with the Court and the Court's determination of his credibility, the Court was not convinced that Palma

could purge his contempt at that time. Accordingly, the Court remanded Palma to custody until he had completed the Plaintiff's discovery requests. On November 20, 2007, the Court held a second hearing on this matter. The Court reviewed Palma's discovery responses in which, for the first time, he invoked his Fifth Amendment privilege against self-incrimination.

## II. Analysis

The Fifth Amendment has been interpreted as protecting an individual from being compelled "to produce evidence which may later be used against him as an accused in a criminal action." *Maness v. Meyers*, 419 U.S. 449, 461 (1975) (citations omitted). This privilege may be asserted in any proceeding, including a civil proceeding. *Id.* at 464 (citations omitted). An individual may not make a "blanket refusal" to answer questions, but instead must affirmatively assert the privilege "with sufficient particularity to allow an informed ruling on the claim." *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987). "He is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest." *Id.* at 486 (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1280, at 360 (1969). "A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976). The Fifth Amendment is not a "self-executing mechanism" and may be waived or lost if not asserted in a timely fashion. *Maness*, 419 U.S. at 466; *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

During the hearing, the Court determined that based on Palma's prior filings with the Court, he is still unwilling to participate in this case. Palma's responses to the discovery requests, asserting the Fifth Amendment for the first time, did not purge him of his contempt, and he was remanded to custody. The issues of whether Palma is entitled to the protection of the Fifth Amendment in his responses to discovery and whether Palma has waived this privilege, in light of his uncooperative

behavior and conduct, are **REFERRED** to **United States Magistrate Judge Paul D. Stickney** for hearing and recommendation or determination to this Court. See 28 U.S.C.A. § 636(b) (1993).

SO ORDERED.

SIGNED November  26th , 2007

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**